01

02

03

04

05

06                               UNITED STATES DISTRICT COURT
                                WESTERN DISTRICT OF WASHINGTON
07                                        AT SEATTLE

08   GARY D. KENISON,                          )    CASE NO. C05-0737-TSZ-MAT
                                               )
09             Plaintiff,                       )
                                               )
10        v.                                    )    REPORT AND RECOMMENDATION
                                               )
11   JO ANNE B. BARNHART, Commissioner          )
     of Social Security,                        )
12                                             )
               Defendant.                       )
13   _____   )

14          Plaintiff Gary D. Kenison proceeds through counsel in his appeal of a final decision of the

15   Commissioner of the Social Security Administration (Commissioner).  The Commissioner denied

16   plaintiff's application for Supplemental Security Income (SSI) disability benefits under Title XVI,

17   42 U.S.C. § 1383(c)(3) after a hearing before an Administrative Law Judge (ALJ). Having

18   considered the ALJ's decision, the administrative record (AR), and all memoranda of record, it

19   is recommended that the decision be affirmed in part and reversed in part, and remanded for

20   additional testing related to plaintiff's possible mental impairments and the impact of his

21   medications on his functional capacity.

22   / / /

REPORT AND RECOMMENDATION
PAGE -1

01          **FACTS AND PROCEDURAL HISTORY**

02          Plaintiff was born on XXXX, 1950.[1]  He completed high school and attended college for

03 some period of time, leaving before earning a degree.  (AR 19.)  Plaintiff previously worked as a

04 mail carrier and construction worker, with a lengthy history of non-employment prior to his

05 application for SSI benefits.  (AR 24-25.)

06          Plaintiff applied for SSI benefits on February 11, 2002, alleging a compression fracture of

07 the spine and osteoporosis, with an alleged onset date of April 23, 2001.  (AR 74.)  The claim was

08 denied initially and on reconsideration.  Upon a timely request, a hearing was held on April 8, 2004

09 before ALJ Verrell Dethloff, with testimony taken from plaintiff and impartial medical expert

10 Michael Powell, Ph.D. (AR 280-303.)  The ALJ issued a decision on June 24, 2004 denying

11 plaintiff benefits.  (AR 15-27.)  Plaintiff appealed to the Appeals Council, which declined to review

12 his claim.  (AR 6-9.)  Plaintiff appealed this final decision of the Commissioner to this Court.

13          **JURISDICTION**

14          The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

15          **DISCUSSION**

16          The Commissioner follows a five-step sequential evaluation process for determining

17 whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

18 be determined whether the claimant is gainfully employed.  The ALJ found plaintiff not gainfully

19 employed since the alleged onset date.  At step two, it must be determined whether a claimant

20 _____

21          [1] Plaintiff's date of birth is redacted back to the year of birth in accordance with the
General Order of the Court regarding Public Access to Electronic Case Files, pursuant to the
22 official policy on privacy adopted by the Judicial Conference of the United States.

REPORT AND RECOMMENDATION
PAGE -2

01  suffers from a severe impairment, which is defined as either a medically determinable impairment

02  or a combination of impairments which significantly limit an individual's physical or mental ability

03  to do basic work activities.  20 C.F.R. § 416.920, Social Security Ruling 96-4p.  The ALJ found

04  that plaintiff's degenerative disc disease and osteopenia were severe impairments.  Step three asks

05  whether a claimant's impairments meet or equal a listed impairment.  The ALJ found that

06  plaintiff's impairments did not meet or equal a listed impairment.  If a claimant's impairments do

07  not meet or equal a listing, the Commissioner must assess residual functional capacity (RFC) and

08  determine at step four whether the claimant has demonstrated an inability to perform past relevant

09  work.  The ALJ assessed plaintiff's RFC and found that he could not perform his past relevant

10  work.  If a claimant demonstrates an inability to perform past relevant work, the burden shifts to

11  the Commissioner to demonstrate at step five that the claimant retains the capacity to make an

12  adjustment to work that exists in significant levels in the national economy.  The ALJ found that

13  plaintiff was capable of performing the full range of light work, and therefore a finding of "not

14  disabled" was directed by the Medical-Vocational Guidelines.

15      This Court's review of the ALJ's decision is limited to whether the decision is in

16  accordance with the law and the findings supported by substantial evidence in the record as a

17  whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means more

18  than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable

19  mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750

20  (9th Cir. 1989).  If there is more than one rational interpretation, one of which supports the ALJ's

21  decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

22  2002).

REPORT AND RECOMMENDATION
PAGE -3

01        Plaintiff contends that the ALJ failed to properly evaluate his psychological impairments

02   and the impact of his medications on his functional capacity.  He argues that the ALJ improperly

03   discounted the findings of his treating doctor and the State's examining medical expert, and relied

04   instead on the testimony of Michael Powell, Ph.D., the impartial medical expert who testified at

05   the hearing.  Plaintiff urges that the ALJ failed to fully develop the administrative record by

06   ordering a consultative examination in response to Dr. Powell's hearing testimony.  Plaintiff also

07   assigns error to the ALJ's evaluation of his credibility, and to the use of the Medical-Vocational

08   Guidelines to find him not disabled at step five.  The Commissioner asserts that the ALJ provided

09   specific and legitimate reasons for giving greater weight to Dr. Powell's testimony, and correctly

10   determined that plaintiff's narcotic medications did not impose significant work-related limitations.

11   The Commissioner takes the position that there was no need for further record development, that

12   plaintiff's credibility was properly assessed, and that the step five finding was supported by

13   substantial evidence.

14                                    <u>Mental Impairments</u>

15        When asked at the hearing why he was not working, plaintiff answered that he was not

16   physically able to work, and was having "a problem with my memory."  (AR 284.)  When

17   questioned by his attorney, he described various emotional problems, including difficulties with

18   decision-making, organization, irritability, ability to concentrate, and fatigue. (AR 289-291.)  In

19   response to a question by Dr. Powell about his psychological problems, plaintiff said:

20        Well, I think–it's something that I've–I kind of hate to admit that I have, you know,
          and so I try to, you know, look at it like maybe other people might have the same
21        problems.

22   (AR 295.)

REPORT AND RECOMMENDATION
PAGE -4

01          Dr. Powell, in response to the ALJ's question as to plaintiff's primary psychological

02    impairment, stated: "I don't know.  It seems like we need more psychological data."  (AR 299.)

03    Dr. Powell went on to testify that, while he did not see justification in the record for the diagnoses

04    of Cognitive Disorder Not Otherwise Specified (NOS) or Post-Concussive Disorder by examining

05    psychologist Dr. Silvio Arenas, he did feel plaintiff had memory scale problems related to long

06    term narcotic use. (AR 300.)  Also, he agreed with the Mood Disorder NOS diagnosis, although

07    he noted mild rather than major depression, and some, albeit not very serious, problems with

08    anxiety. (AR 300-01.)  Finally, Dr. Powell testified, in reference to the opinions of Dr. Arenas'

09    and the treating providers at Community Mental Health Program:

10          I'm not saying that they aren't right, I'm just saying I don't think there's enough
            supporting evidence.  And if it's important that he has some psychological diagnoses,
11          I would suggest further testing to include an MMPI and MCMI, some interviewing,
            some kind of narrative justification for whatever the diagnosis is, along with scores
12          from those tests.

13    (AR 301.)

14          The ALJ found plaintiff had severe physical impairments, but did not find any mental

15    impairments.  He did address the issue of mental impairment, adopting Dr. Powell's assessment

16    of the opinions of Dr. Arenas as internally inconsistent and lacking justification.  Unfortunately,

17    critical portions of Dr. Powell's opinion in this regard were inaudible and, therefore, not

18    transcribed. (*See*, *e.g.*, AR 299-301.)  Furthermore, the ALJ did not accurately describe plaintiff's

19    testimony regarding his emotional problems:

20          At the hearing, when asked whether he had emotional problems, the claimant replied
            only that he "didn't like the position that [he] was in."  While he admitted feeling
21          depressed "at times," he testified that he tried to keep upbeat.  He also testified that
            he was not taking any medication for any alleged mental symptoms, and had not been
22          to counseling for five years.  Finally, when asked whether, in his opinion, he has

REPORT AND RECOMMENDATION
PAGE -5

01    psychological problems, the claimant replied, "not at this time."

02 (AR 21 (emphasis added.))  The ALJ is correct in noting that, when asked if he had emotional

03 problems, plaintiff testified: "Well, yes.  I mean, I certainly don't like the, you know, like the

04 position that I'm in.  So I mean, yes, you know, yes, I am experiencing some emotional problems."

05 (AR 289.)  However, the ALJ fails to reference or discuss the remainder of plaintiff's testimony

06 about his difficulties with decision-making, organization, irritability, ability to concentrate and

07 fatigue.  (*See* AR 289-91.)  In fact, the ALJ made no inquiry whatsoever about plaintiff's mental

08 or psychological problems.  (*See* AR 284.)  Instead, plaintiff's attorney elicited all such testimony.

09    From a review of the record, Dr. Powell's criticism of Dr. Arenas' report is well taken.[2]

10 Dr. Arenas' conclusions ("a number of now severely dysfunctional neurophysical, neurocognitive,

11 and neuroaffective (emotional) symptoms . . . which have led to an inability to hold a job . . . major

12 depressive features... severe mental impairment") appear out of proportion to actual test scores

13 within the mild range, indicating generally mild symptoms with only mild depressive features.  (*See*

14 AR 249-56.)  The ALJ gave appropriate reasons for disregarding the opinions of  Dr. Arenas,

15 noting that Dr. Arenas examined plaintiff several years after he had last complained to any

16 treatment provider about mental health symptoms.  (AR 21.)  Plaintiff testified he was not taking

17 ─────────────────

18     [2] However, the ALJ's suggestion that the opinion of a State agency examining expert
should be given "no weight" because it is  "a purely litigation exercise, deriving from the benefit
to be accorded the State of Washington if the SSI facilitator who referred him, at his attorney's

19 request, if claimant were to be moved from the State to the Federal welfare rolls" is contrary to
law and an impermissible basis for disregarding the opinion.  20 C.F.R. § 416.927(f)(2)(I)

20 acknowledges: "State agency medical and psychological consultants and other program physicians
and psychologists are highly qualified physicians and psychologists who are also experts in Social

21 Security disability evaluation.  Therefore, administrative law judges must consider findings of State
agency medical and psychological consultants or other program physicians or psychologists as

22 opinion evidence, except for the ultimate determination about whether you are disabled."

REPORT AND RECOMMENDATION
PAGE -6

01  any medication for any alleged mental symptoms and had not been to counseling for five years.

02  (AR 294-95.)  *Cf. Burch v Barnhart,* 400 F.3d 676, 681 (9th Cir. 2005) (ALJ may consider lack

03  of treatment in making a credibility determination).  The ALJ also noted that Dr. Arenas' opinion

04  regarding plaintiff's Global Assessment of Functioning score was inconsistent with plaintiff's own

05  report of his activities.

06          However, the ALJ's assessment of plaintiff's mental impairments was deficient with regard

07  to the impact of his medications on his functional capacity.  While Dr. Powell did state his

08  disagreement with some of the conclusions reached by Dr. Arenas,  Dr. Powell also testified that

09  the one area where plaintiff appeared to have his greatest difficulty, the WMS-III memory test,

10  indicated a "classic side effect" of long-term narcotic use. (AR 300.)  He recommended further

11  testing "if it's important that he has some psychological diagnoses." (AR 301.)

12          While it is true that plaintiff has the burden of proof in establishing disability in steps one

13  through four of the sequential analysis, it is also correct that the Social Security Administration

14  is "perhaps the best example" of an agency that is not adversarial in nature.  *Sims v. Apfel*, 530

15  U.S. 103, 110 (2000).  "It is the ALJ's duty to investigate the facts and develop the arguments

16  both for and against granting benefits."  *Id.* at 111.  While the ALJ adopted Dr. Powell's opinion

17  insofar as its criticism of Dr. Arenas' report, the ALJ failed to follow the psychologist's opinion

18  that further testing should be conducted. Therefore, this matter should be remanded to direct the

19  ALJ to obtain further testing relating to possible mental impairments, including the impact of

20  plaintiff's medications on his functional capacity.

21                    <u>Treating and Examining Source Opinions</u>

22          In general, more weight should be given to the opinion of a treating physician than to a

REPORT AND RECOMMENDATION
PAGE -7

01 non-treating physician, and more weight to the opinion of an examining physician than to a non-

02 examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).  Where not contradicted

03 by another physician, a treating or examining physician's opinion may be rejected only for "'clear

04 and convincing'" reasons.  *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).

05 Where contradicted, a treating or examining physician's opinion may not be rejected without

06 "'specific and legitimate reasons' supported by substantial evidence in the record for so doing."

07 *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  Where the opinion

08 of the treating physician is contradicted, and the non-treating physician's opinion is based on

09 independent clinical findings that differ from those of the treating physician, the opinion of the

10 non-treating physician may itself constitute substantial evidence.  *See Andrews v. Shalala*, 53 F.3d

11 1035, 1041 (9th Cir. 1995).  It is the sole province of the ALJ to resolve this conflict.     *Id.*  A

12 treating doctor's opinion, while generally accorded the greatest weight, is not binding on an ALJ

13 with respect to either the existence of an impairment or the ultimate question of disability. *Ukolov*

14 *v. Barnhart,* 420 F.3d 1002, 1004 (9th Cir. 2005).

15      Plaintiff asserts that the ALJ failed to give proper weight to the opinion of his treating

16 physician, Dr. Joy Fackenthall, that he was severely limited in his functional capacity.  Plaintiff

17 takes issue with the greater weight assigned to the opinion of Dr. Guthrey Turner, Jr., a State

18 agency physician.

19      In discussing Dr. Fackenthall's opinion, the ALJ wrote:

20      The claimant's treating physician at Sea Mar opined on August 21, 2001, that the
       claimant was "severely limited," meaning he was unable to lift at least two pounds or
21      unable to stand and/or walk" due to severe back pain which allegedly limited his range
       of motion. Her opinion did not change in October, 2001, or March, 2002, but she did
22      note "improvement with medications" on both occasions.

REPORT AND RECOMMENDATION
PAGE -8

01   The undersigned finds these evaluations inconsistent with examination findings,
     contradicted by reports of the claimant's activities throughout the record, and lacking
02   justification.

03       . . .

04       . . . Dr. Fackenthall's opinions flie [sic] in the face of claimant's presentation at all
     medical examinations in the record and are so exaggerated as to beg credulity.

05
     Findings made upon examination of the claimant are inconsistent with the treating
06   physician's severely limited functional assessment.  Upon examination by a pain clinic
     in June, 2002, the claimant had only mild adult kyphosis, with some tenderness and
07   mildly decreased back flexion.  The claimant was able to touch the floor, do a push-up
     against the wall with resistance, and do simple rolling maneuvers.  At no time during
08   the examination did the claimant have any radiation of his pain, and the pain remained
     localized to his mid-thoracic paravertebral area.  Ultimately, conservative treatment
09   was recommended.

10   The claimant's own reported activities, many recorded in the treating physician's own
     medical notes, contradict her assessment of severe limitation of functionality.  The
11   claimant reported that his pain was improved after physical therapy, and that his
     activity level was greatly improved with medication.  The claimant's treating physician
12   agreed with the claimant when she opined in November, 2003, that the claimant
     showed "significant improvement with being on a pain medication."  As outlined
13   below, notes from the claimant's treating physician report that after his alleged onset
     of disability, the claimant was shoveling snow, chasing a bat around the house,
14   traveling, doing yard work, and taking care of his mother.

15   Additionally, the forms containing the treating physician's assessment did not provide
     adequate justification.  The treating physician's severely limited assessment was
16   expressed through a check off form with no more than generalized comments.  This
     assessment is also contradicted by the assessment of Disability Determination
17   Services.

18   (AR 23-24 (internal citations to record omitted.))

19       An ALJ may discredit opinions of a treating doctor that are conclusory, brief, and

20   unsupported by the record as a whole or by objective medical evidence.  *Batson v. Commissioner*

21   *of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Here, the ALJ provided specific

22   reasons for not crediting the opinion of Dr. Fackenthall, noting that the limitations imposed by the

REPORT AND RECOMMENDATION
PAGE -9

01 doctor were contradicted by the doctor's own findings and plaintiff's activities (shoveling snow,

02 running, jumping, traveling, doing yard work, and taking care of his mother), were so extreme as

03 to be implausible ("[u]nable to lift at least 2 pounds or unable to stand and/or walk" (AR 188)),

04 were set forth in a check-off form without explanation (the only explanation was the redundant

05 comment "Severe back pain significantly limits range of motion" (*id.*)), and were contradicted by

06 Dr. Turner, the state agency reviewing physician, who noted the lack of objective findings to

07 corroborate the opinion of the treating doctor (    *see* AR 235-236).   The ALJ also noted the

08 contradiction between the treating doctor's assessment and that of examining physicians Dr. Karro

09 and Dr. Goodman at the Multidisciplinary Pain Center.  (*See* AR 23, 216-219.)  Accordingly, the

10 undersigned concludes that the ALJ gave appropriate weight to the opinion of Dr. Fackenthall,

11 and that the stated reasons for disregarding her opinions are supported by substantial evidence.

12                                                  Credibility

13         Plaintiff argues that the ALJ did not properly evaluate his credibility as to his physical

14 capacity.  The ALJ must give specific, convincing reasons for rejecting the subjective statements

15 of a Social Security disability claimant.   *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir.

16 2001).  Here, in discussing plaintiff's testimony, the ALJ found as follows:

17         At the hearing, the claimant also assessed his functionality.  He alleged that he could
           only sit for 20 minutes, stand for 10 minutes, and could not walk even one half of a
18         mile.  While the claimant testified that driving, washing dishes and using his computer
           aggravated his back pain, he had no trouble washing his laundry.
19
           This subjective assessment is not consistent with the claimant's reported activities
20         throughout the record.  In March, 2002, the claimant reported that he was shoveling
           snow.  In October 2002, he was running around and jumping up and down in an
21         attempt to get a bat out of his mother's house, and was planning a trip to Oregon.  In
           November, 2003, he reported that his pain medications allowed him to "function quite
22         a bit at home," including performing yard work and "helping his mother out."  The

REPORT AND RECOMMENDATION
PAGE -10

01
02

claimant was also able to travel at Thanksgiving that same year.  Claimant has no credibility in his representations of disability.  An additional detriment to his credibility is his lack of an [sic] work record since 1988.

03  (AR 24 (internal citations to record omitted.))

04       Plaintiff points to references in the record showing the impact of particular physical

05  activities.  After shoveling snow, he saw his doctor for treatment, reporting difficulty getting up.

06  (AR 164.)  That same chart note, however, shows plaintiff told the doctor that the back pain was

07  not worsening, and did not have a radicular component.  ( *Id*.)  Several months later, the "bat

08  incident" occurred, described in the doctor's chart notes as the plaintiff "using a sheet and running

09  around, jumping up and down, he may have hit his side along a dresser.  He was waving his arms

10  quite a bit."  (AR 160.)  Contrary to plaintiff's assertion, he did not report to the doctor with

11  "severe right chest wall pain" (*see* Dkt. 13 at 21), but, instead, with "an ache on the right side of

12  his chest wall."  (AR 160.)  Also, the chart notes indicate plaintiff came in to see the doctor

13  because he was "planning on traveling down to Oregon tomorrow and was wondering if this is

14  something he needs to be concerned about[,]" and that the diagnosis was "probable chest wall

15  strain."  (*Id*.)

16       An ALJ may consider factors such as daily activities and work record in weighing a Social

17  Security claimant's credibility.  *Thomas*, 278 F.3d at 959.  While disability claimants should not

18  be penalized for attempting to lead normal lives in the face of their limitations, a level of activity

19  inconsistent with claimed limitations has a bearing on the claimant's credibility. *Reddick v. Chater*,

20  157 F.3d 715, 722 (9th Cir. 1998).  An ALJ's credibility finding will not be second-guessed by a

21  reviewing court if supported by substantial evidence.  *Id.  See also Light v. Social Sec. Admin.*,

22  119 F.3d 789, 792 (9th Cir. 1997).  Moreover, the Commissioner's findings in the course of

REPORT AND RECOMMENDATION
PAGE -11

01  denying disability benefits are upheld if supported by inferences reasonably drawn from the record,

02  and if evidence exists to support more than one rational interpretation, the court must defer to the

03  Commissioner's decision.  *Batson*, 359 F.3d at 1193. In this case, the ALJ's finding as to

04  plaintiff's credibility was supported by substantial evidence and should not be disturbed.

05  **CONCLUSION**

06      The undersigned recommends that the case be AFFIRMED in part and REVERSED in

07  part, and REMANDED to the Commissioner for further administrative proceedings.  On remand,

08  the ALJ should obtain further mental health testing of plaintiff, reassess his severe impairments and

09  provide specific findings and appropriate rationale for each of the functional areas in 20 C.F.R. §

10  920a (c), reassess plaintiff's RFC in light of any mental impairments, as well as the impact of his

11  medications, and re-evaluate steps three through five of the sequential evaluation process with the

12  assistance of a vocational expert and a medical consultant, if necessary.  In all other respects, the

13  decision should be affirmed.

14      DATED this  29th  day of November, 2005.

15

16  Mary Alice Theiler
    United States Magistrate Judge

17

18

19

20

21

22

REPORT AND RECOMMENDATION
PAGE -12